## HORSKINS v. SANDERSON.

### (District Court, D. Vermont. September 17, 1904.)

1. BANKRUPTCY—JURISDICTION OF COURTS—SUITS BY TRUSTEES.

   Bankr. Act July 1, 1898, c. 541, §§ 60b, 67e, 70e, 30 Stat. 562, 564, 566 [U. S. Comp. St. 1901, pp. 3445, 3449, 3452], as amended by Act Feb. 5, 1903, c. 487, §§ 13, 16, 32 Stat. 799, 800 [U. S. Comp. St. Supp. 1903, pp. 416, 417], confer jurisdiction on a court of bankruptcy of a plenary suit by a trustee to avoid unlawful preferences, or to recover property transferred in violation of the act; and in such a suit, to establish rights in property within the district, a nonresident defendant, claiming adversely, may be brought in by an order and service, in accordance with Rev. St. § 738.

2. SAME—WRIT OF SEQUESTRATION.

   In a suit in equity by a trustee in bankruptcy to establish rights in property, the court may issue a writ of sequestration to prevent the removal of the property from the district, where the showing is not such as to warrant the appointment of a receiver.

In Equity. Suit by trustee in bankruptcy to establish rights in property. On motion for appointment of receiver.

Alfred A. Hall, for trustee.
Charles G. Austin, for defendant.

WHEELER, District Judge. The bankrupt was for more than four months before the bankruptcy proceedings, and ever since has been, in possession of a large farm in this district, with stock and personal property thereon, which the trustee claims belongs in part to the estate of the bankrupt, and some of which personal property has been removed by the defendant, a citizen of Massachusetts, to

that state, and the nominal possession of the farm changed to him within the four months. This suit is brought by the trustee to reach alleged rights of the bankrupt to the property for the benefit of the estate, and has been heard on a motion for a receiver to that end. A preliminary question has been made as to the jurisdiction of this court and the regularity of the procedure. Jurisdiction over the subject-matter seems to be given to this court as a court of bankruptcy by the amendments of 1903, to the bankrupt law. It extends by the amendment of section 70e (Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 417]) to the recovery of any property from any transfer which any creditor might have avoided; by that of section 60b (Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 416]) to the recovery of unlawful preferences; and by that of section 67e (Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 417]) to the recovery of property conveyed or transferred within the four months. The jurisdiction conferred seems to be that which would, in cases like this, be exercised by plenary suit, to be tried according to the usual forms and methods, instead of by summary petitions referred to referees. This proceeding seems to be an appropriate suit in equity for the purposes of the relief sought. The defendant is an inhabitant of another jurisdiction, where the ordinary process of this court does not run. But section 738, Rev. St., seems to provide for service in such cases by special order of the court, which has been done in this case, and the defendant has appeared and answered. Therefore the jurisdiction appears to be complete, and the proceedings regular.

Upon the merits of the motion, the answer is a full denial of the equity of bill of complaint, and as to interfering with the custody of the property, is to be taken as true till it is overcome by proof in an orderly manner. The motion must therefore be overruled. As the matter is situated, some lien upon the property, which the defendant admits he is taking, from time to time, out of the district, may be necessary and proper, if available. That a writ of sequestration in an equity case in this district may be used for that purpose, and served by copy of record, without disturbing actual custody, is well shown in Steam Stone Cutter Co. v. Sears, 20 Blatchf. 23, 9 Fed. 8, and in Steam Stone Cutter Co. v. Jones, 21 Blatchf. 138, 13 Fed. 567. Such a proceeding would be in the same line as the receivership asked for, and less drastic and disturbing.

Motion for receiver denied, with leave to apply for writ of sequestration.